UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELIZABETH HOWARD                                CIVIL ACTION

VERSUS                                          NO: 08-4893

WAL-MART STORES, INC., ET AL                    SECTION: "S" (4)

### ORDER AND REASONS

The motion to remand (Doc. #6) by plaintiff Elizabeth Howard is **DENIED.**

### BACKGROUND

Plaintiff's petition for damages alleges that on November 10, 2007, she was injured in a slip and fall in a Wal-Mart store in Hammond, Louisiana. Plaintiff, a resident of Louisiana, claims that Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Arkansas, and Buffy Cannatella, the manager of the Wal-Mart store in Hammond and resident of Louisiana, are liable because they negligently failed to maintain the common area; negligently failed to inspect the premises for dangerous conditions; negligently failed to warn plaintiff of the dangerous conditions on the floor; and failed to train, manage and supervise properly employees in the implementation of safety procedures.

The matter was removed to this court by defendants, who claim that Cannatella's residency

should be ignored due to improper joinder, and that without Cannatella, this court has jurisdiction based on diversity of citizenship.[1]

**ANALYSIS**

**1. Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[2]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[3] Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[4]

Improper joinder may be established in two ways: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against non-diverse party in state court.[5] The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility

---

[1] The parties do not dispute that more than $75,000 is in controversy.

[2] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[3] *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[5] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004))(*en banc*) (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[6]

A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[7] "It is well-settled that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[8] "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[9]

**2. Motion to Remand**

The sole issue to be decided is whether Howard is able to establish a cause of action against Cannatella in state court.[10] Plaintiff specifically contends that her allegations that Cannatella failed to manage, supervise, and train properly employees in the implementation of safety procedures sufficiently state a claim against Cannatella.

Under Louisiana law, a store manager or other employee may not be held liable for an

---

[6]*Id.*

[7]*Id.*

[8]*Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[9]*Id.*

[10]*Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004))(*en banc*) (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

3

invitee's injury on store premises unless four criteria are satisfied: 1) The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought; 2) this duty is delegated by the employer to the employee; 3) the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault; and 4) personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment.[11] The manager must have had a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages.[12] If the defendant's responsibility was delegated with due care to a subordinate, the defendant is not liable unless he or she knew or should have known of the nonperformance or malperformance of the duty by the subordinate.[13] In Louisiana, merchants owe their patrons a duty to exercise reasonable cause to keep floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions, which might reasonably cause damage.[14]

While under Louisiana law, Wal-Mart owes a duty to plaintiff to keep its premises reasonably free from floor hazards, a manager does not breach a duty through derogation of general administrative responsibilities. Plaintiff seeks to impose liability upon Cannatella for breach of her administrative duties, as store manager, to manage, supervise, and train properly employees in the implementation of safety procedures. Under Louisiana law, and from plaintiff's complaint, it

---

[11]*Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973).

[12]*Id.*

[13]*Id.*

[14]La. Rev. Stat. §9:2800.6.

4

appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief from the store manager individually for her injuries.

The court finds that Buffy Cannatella was improperly joined. Therefore, this court has subject matter jurisdiction. Accordingly, the motion to remand is **DENIED.**

New Orleans, Louisiana, this __26th__ day of February, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**